IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADELINE CHO NGWI, | * |
| Plaintiff, | * |
| v. | *   Case No. TJS-25-1007 |
| KRISTI NOEM, ET AL. | * |
| Defendants. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion") (ECF No. 17) filed on behalf of Defendants Pamela Bondi, Kelly O. Hayes, Jedidah Hussey, Kristi Noem, and Kika Scott ("Defendants").[1] Plaintiff Adeline Cho Ngwi ("Ms. Ngwi") has not filed a response and the time to do so has passed. *See* Loc. R. 105.2(a). The Motion is now ripe for decision. Having considered the Motion, the Court finds that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Defendants' Motion is granted.

**I.   Background**

The following facts are derived from Ms. Ngwi's Complaint (ECF No. 1) and are taken as true for purposes of evaluating Defendants' Motion. Ms. Ngwi filed a Form I-589 Application for Asylum and Withholding of Removal with the Arlington Asylum Office on August 8, 2023. ECF No. 1 at ¶ 14. On the same date, the United States Citizenship and Immigration Services ("USCIS") received her application. *Id.* Ms. Ngwi has complied with all requests by USCIS and has contacted

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 16.

USCIS on numerous occasions inquiring into the status of her application. *Id.* at ¶ 15, 18. USCIS informed her that her application is still pending and there is no estimate as to when it will be adjudicated. *Id.* at ¶ 18. According to Ms. Ngwi, the uncertainty of her legal immigration status and the delay in her application processing have caused her emotional distress. *Id.* at ¶ 22. Additionally, her time spent completing and inquiring into the status of her application have resulted in significant time spent away from work. *Id.*

Ms. Ngwi seeks to compel action on her asylum application. *Id.* at ¶ 1. She alleges that USCIS's delay in processing her asylum application is unreasonable and violates the following: (1) the Mandamus Act, 28 U.S.C. §§ 1361, 1651; (2) the Administrative Procedure Act, 5 U.S.C. §§ 555, 701 ("APA"); (3) the Declaratory Judgment Act, 28 U.S.C. § 2201; and (4) the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412. *Id.* at ¶¶ 30-55.

**II.     Discussion**

    **a. Legal Standard**

Defendants seek dismissal under Rule 12(b)(1) and Rule 12(b)(6). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *Richardson v. Mayor & City Council of Balt.*, No. RDB-13-1924, 2014 WL 60211, at *2 (D. Md. Jan. 7, 2014). There are two ways to present a Rule 12(b)(1) motion to dismiss: "A defendant may either contend (1) that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or (2) that the jurisdictional facts alleged in the complaint are untrue." *Buchanan v. Consolidated Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)). The court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"

3

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992)). "A party's failure to respond [to a Rule 12(b)(6) motion to dismiss] . . . does not relieve the court of determining whether the complaint is legally sufficient on its face." *Guzman v. Acuarius Night Club LLC*, No. 24-1555, 2026 WL 406093, at *3 (4th Cir. Feb. 13, 2026). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

In the alternative, Defendants argue they are entitled to summary judgment. ECF No. 17-1. Motions to dismiss styled in the alternative as motions for summary judgment implicate the court's discretion under Rule 12(d). *See Morey v. Carroll Cnty.*, No. ELH-17-2250, 2018 WL 2064782, at *6 (D. Md. May 3, 2018). Generally, courts do not resolve factual disputes or consider matters outside the pleadings when ruling on a motion to dismiss. *Id.* However, in a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond*, 945 F.2d at 768; *see also Evans*, 166 F.3d at 647. Otherwise, "[i]f a party presents, and the court considers, matters outside the pleadings, 'the motion must be treated as one for summary judgment under Rule 56.'" *Tangmoh v. Majorkas*, No. JMC-21-2792, 2022 WL 1538627, at *2 (D. Md. May 16, 2022) (quoting Fed. R. Civ. P. 12(d)). If construing the motion as a motion for summary judgment, the Court must "thoroughly analyz[e]" the motion, even if it is unopposed. *See id.* at *3 (internal quotation marks omitted).

Whether the Motion is construed as a motion to dismiss or motion for summary judgment, Plaintiff's claims fail. But because Defendants' jurisdictional claims are dispositive, the Court will analyze the Motion as one to dismiss the complaint.

### b. Analysis

#### i. Mandamus Act Claim

Under the Mandamus Act, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The extraordinary remedy of mandamus may be issued "only if [the plaintiff] has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Mandamus can be used only to compel ministerial acts of federal government officers, not discretionary duties. *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998); *see also Meyers v. United States Dist. Ct. for Dist. of Md. Balt. Div.*, No. DKC-23-3015, 2024 WL 493268, at *2 (D. Md. Feb. 8, 2024) ("A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment."). A party seeking mandamus relief bears the heavy burden to show that (1) the petitioner has a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. *See Asare*, 999 F. Supp. at 659; *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

In the absence of exceptional circumstances, USCIS is statutorily required to adjudicate asylum applications within 180 days of the date the application was filed. 8 U.S.C. § 1158(d)(5)(A)(iii). However, there is no private right of action available if USCIS exceeds this timeline. Section 1158(d)(7) states, "[n]othing in this subsection shall be construed to create any

substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). While the statute does not explicitly state that the 180-day timeline is discretionary, "it is apparent that USCIS enjoys broad discretion regarding how swiftly such decisions are made" and "the pace at which the Secretary adjudicates asylum actions is subject to § 1252(a)(2)(B)(ii)'s jurisdictional bar and cannot be reviewed in court." *Tangmoh*, 2022 WL 1538627, at *3 (quoting *Daniel v. Mayorkas*, No. RDA/JFA-20-1099, 2021 WL 4355355, at *3 (E.D. Va. Sept. 23, 2021)); *see also Polfliet v. Cuccinelli*, 955 F.3d 377, 382 (4th Cir. 2020) ("A statute need not literally contain the word 'discretion' in order to 'specify' discretion.").

Ms. Ngwi cannot prevail on her mandamus claim because Defendants do not owe her a clear statutory duty, which is required to compel agency action under the Mandamus Act. There is no private right of action under § 1158(d) to enforce the 180-day timeframe for adjudication of asylum applications, and courts within the Fourth Circuit have consistently held that this timeline is discretionary. Defendants therefore did not owe a "clear nondiscretionary duty" to Ms. Ngwi and this Court lacks subject matter jurisdiction over her mandamus claim. *See Noumbissie v. Garland*, No. RDB-22-3357, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023); *see also Pesantez v. Johnson*, No. BMC-15-1155, 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) (holding that "[i]t is beyond serious dispute" that mandamus relief for asylum adjudications "is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action"). The Motion is granted as to this claim. Plaintiff's mandamus claim is dismissed.

### ii. Administrative Procedure Act Claim

The APA permits courts to compel an agency action if it is "unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1); *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. 2021). To state a cause of action under the APA, a party "must point to a provision within the APA that authorizes judicial review of the relevant agency's action." *Noumbissie*, 2023 WL 8600510, at *2 (citing *NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019)). Absent such a provision, courts lack jurisdiction to review agency actions. *See NAACP v. Bureau of the Census*, 945 F.3d at 191 (finding that failure to identify agency actions eligible for judicial review under the APA is a "jurisdictional defect"). Moreover, "[t]he APA precludes judicial review if the agency action is discretionary." *Noumbissie*, 2023 WL 8600510, at *2 (citing 5 U.S.C. § 701(a)). Indeed, "where an agency is not required to do something, [a court] cannot compel the agency to act—let alone to act faster." *Gonzalez*, 985 F.3d at 366 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 n.1 (2004)).

Here, "the timeframe for adjudicating asylum applications is discretionary, as the relevant statutes do not provide a specific timeframe in which applications should be adjudicated." *Noumbissie*, 2023 WL 8600510, at *2. In exercising its discretion for adjudicating applications within the 180-day timeline, the Attorney General has the authority to "establish a procedure for the consideration of asylum applications" in the manner best suited to adjudicate the applications. 8 U.S.C. § 1158(d)(1). Because the statutory timeframe is discretionary and there is no provision in the APA authorizing judicial review of adjudications that exceed 180 days, this Court lacks jurisdiction to review Ms. Ngwi's APA claim. Pursuant to Rule 12(b)(1), Defendants' Motion is granted as to the APA claim. Plaintiff's APA claim is dismissed.

Alternatively, even if this Court had jurisdiction over Ms. Ngwi's APA claim, she still fails to state a claim because adjudication of her asylum application is not "unreasonably delayed" under the APA. "The APA requires that an agency conclude proceedings 'within a reasonable time.'" *Noumbissie*, 2023 WL 8600510, at *2 (quoting *Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 120 (2d Cir. 1999)). Thus, to compel agency action under the APA, the Court must find that USCIS's delay is unreasonable, a determination that is governed by the six-factor test set forth in *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). *See South Carolina v. United States*, 907 F.3d 742, 759 (4th Cir. 2018) (stating "[t]he *TRAC* factors weigh, inter alia, the interests at stake and the effect of expediting the delayed agency action"); *Aghamohammadi v. Rubio*, No. DKC-24-2801, 2025 WL 2687343, at *11 (D. Md. Sept. 19, 2025) (explaining that "many courts have chosen to analyze the TRAC factors at the motion to dismiss stage") (collecting cases). The *TRAC* factors are used only when there is a challenge of an agency decision being "unreasonably delayed." *Id.* The factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (internal citations omitted).

This Court has previously held that USCIS's use of "a combination of a 'Last-In First-Out' ("LIFO") policy and a backlog reduction effort [] together create[] a 'rule of reason.'" *Tawah v. Mayorkas*, No. TJS-23-2920, 2024 WL 2155060, at *3 (D. Md. May 14, 2024). It is also well established that although Congress provided a 180-day timetable through which it expects asylum

applications to be adjudicated, "it also provided that this timeline is unenforceable and gave the agency discretion to depart from it in exceptional circumstances, such as the current backlog." *Noumbissie*, 2023 WL 8600510, at *3 (citing 8 U.S.C. § 1158(d)(7)). Defendants' Motion extensively discusses the causes for USCIS's current backlog and the agency's response, both of which have delayed the processing of Ms. Ngwi's application. ECF No. 17-1 at 3-9. And while this backlog has resulted in adjudications outside of the 180-day timeline, the agency continues to employ the LIFO policy and has instituted several other reasonable procedures and technologies to continue mitigating the backlog. ECF No. 17-1 at 14. The first and second *TRAC* factors strongly favor Defendants.

The third and fifth factors are typically considered together. *See Aghamohammadi*, 2025 WL 2687343, at *13. These factors assess whether "human health and welfare are at stake" and the "nature and extent of the interests prejudiced by delay." *Id.* (quoting *TRAC*, 750 F.2d at 80). Ms. Ngwi has not alleged that her health and welfare are at stake, and her ability to remain in the United States while her application is pending provides assurance of this. *See* ECF No. 17-1 at 14; *Noumbissie*, 2023 WL 8600510, at *3. As for the fifth factor, the only interests that Ms. Ngwi has alleged to be prejudiced by the delay are her emotional wellbeing while she awaits a decision and the time that she has been forced to spend inquiring as to the status of her application. *See* ECF No. 1 at ¶ 22. These factors slightly favor Ms. Ngwi, but they are not dispositive.

The considerations in the fourth *TRAC* factor weigh heavily in Defendants' favor, and this factor "carries the greatest weight." *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020). In assessing this factor, the Court must "consider the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. If "a judicial order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space," courts will

not grant relief. *Jahangiri v. Blinken*, No. DKC-23-2722, 2024 WL 1656269, at *11 (D. Md. Apr. 17, 2024) (alterations in original) (quoting *Milligan*, 502 F. Supp. 3d at 319). Plaintiff's request would do just that. *See Aghamohammadi*, 2025 WL 2687343, at *13. Notably, Ms. Ngwi does not allege that she was singled out for mistreatment or treated differently from other similarly situated asylum applicants. Expediting the adjudication of Ms. Ngwi's application would delay adjudication of applications with competing or higher priorities, "such as those involving credible fear at the border and unaccompanied minors." *Tawah*, 2024 WL 2155060, at *3. This factor favors Defendants. Finally, Ms. Ngwi has not alleged, nor is there evidence of, impropriety on the part of Defendants. This factor is neutral.

In sum, factors one, two, and four favor Defendants. Factors three and five slightly favor Ms. Ngwi. Factor six is neutral. The factors favoring Defendants, particularly the heavily weighted fourth factor concerning competing agency priorities, substantially outweigh those favoring Ms. Ngwi. Accordingly, USCIS's delay is not unreasonable.

This Court has routinely held that delays of three-to-four years are not unreasonable. *See, e.g.*, *Noumbissie*, 2023 WL 8600510, at *3 (considering whether its finding of no unreasonable delay under the *TRAC* factors was consistent with holdings of other district courts); *Tawah*, 2024 WL 2155060, at *3 (finding an asylum application pending for less than four years was not unreasonable); *Begum v. United States Dep't of State, et al.*, No. JMC-22-478, 2022 WL 16575703, at *7 (D. Md. Oct. 31, 2022) (explaining that district courts generally find "immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable[]") (quoting *Sarlak v. Pompeo*, No. BAH-20-35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020)) (internal quotation marks omitted). Ms. Ngwi's application has been pending for less than three years, which is significantly less time than what courts consider to be

unreasonable delay. Under the *TRAC* factors, and consistent with this Court's previous decisions, Ms. Ngwi fails to state a claim that her application has been unreasonably delayed under the APA. Plaintiff's APA claim is dismissed.

### iii. Declaratory Judgment Act and Equal Access to Justice Act Claims

"[T]he Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts." *Correspondent Servs. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006); *see also Capitol Broad. Co., Inc. v. City of Raleigh, N. Carolina*, 104 F.4th 536, 540 (4th Cir. 2024) ("In passing the [Declaratory Judgment] Act, while 'Congress enlarged the range of remedies available in federal courts,' it 'did not extend their jurisdiction.'") (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Because the Court does not have an independent basis for jurisdiction under the Mandamus Act or APA, the Court lacks subject matter jurisdiction over Ms. Ngwi's Declaratory Judgment Act claim. *See Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 60-61 (S.D.N.Y. 2020). And because Ms. Ngwi is not the "prevailing party," as required by the Equal Access to Justice Act, she is not entitled to an award of costs and fees. *See* 5 U.S.C. § 504. Plaintiff's Declaratory Judgment Act and Equal Access to Justice Act claims are dismissed.

### III.   Conclusion

For the reasons set forth above, Defendants' Motion (ECF No. 17) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. An accompanying Order follows.

February 18, 2026                                              /s/
Date                                                                   Timothy J. Sullivan
                                                                           Chief United States Magistrate Judge